IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH RODERICK BROADNAX BEY

       v.                      :   Civil Action No. DKC 15-3073

MIKE PEDERSEN

                               :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this embezzlement and breach of contract action is a motion to dismiss filed by Defendant Mike Pedersen ("Defendant"), the President and Chief Executive Officer of TD Bank, N.A. ("TD Bank"). (ECF No. 7). Also pending is a motion for summary judgement filed by Plaintiff Keith Roderick Broadnax Bey ("Plaintiff"). (ECF No. 11). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted, and Plaintiff's motion will be denied as moot.

## I.  Background

Plaintiff, proceeding *pro se*, filed a complaint naming "Mike Pedersen Dba. President and Chief Executive Officer of [TD Bank]" as defendant. (ECF No. 1). The clerk issued a summons for Mr. Pedersen, an individual. (ECF No. 3). The return of service is ambiguous in that it recites that Mr. Pedersen was

served by serving the summons on Lydia C. Boose, "who is designated to accept service of process on behalf of [TD Bank]." (ECF No. 6, at 1). At the bottom of the return, "[a]dditional information regarding attempted service" refers to registered mail sent to both Ms. Boose and Mr. Pedersen. There are return receipts for both, but it is impossible to read the signatures. (*Id.* at 1-2).

Mr. Pedersen filed a motion to dismiss, and included TD Bank to the extent that it can be considered a defendant. (ECF No. 7-1, at 8-10). Plaintiff fails to distinguish consistently between Mr. Pedersen and TD Bank in the complaint. At times, Plaintiff refers to TD Bank as "Defendant" (ECF No. 1, at 3 ("Plaintiff established a new bank account with Defendant . . . by depositing his funds with Defendant.")) and asserts that he is suing TD Bank through Defendant (ECF No. 9-1, at 9 ("Plaintiff is suing the artificial person [TD Bank] by and through the natural person Mike Pedersen who is liable for the actions of all 'officers, agents or servants' of the artificial person [TD Bank].")). Plaintiff also appears to argue that both Mr. Pedersen and TD Bank are parties to this case. (*See id.* at 7). TD Bank, however, was not named as a defendant in this action, and Plaintiff cannot add a party by including factual allegations in the complaint or opposition brief. *See Jassie v. Mariner*, No. DKC-15-1682, 2016 WL 67257, at *7 (D.Md. Jan. 6,

2

2016).  Plaintiff has not amended the complaint to name TD Bank as a defendant; accordingly, TD Bank is not a party to this action.

The complaint alleges that on April 13, 2015, Plaintiff opened a bank account and deposited funds at a branch of TD Bank located in Hyattsville, Maryland.  (ECF Nos. 1, at 3; 9-1, at 7).  On or about April 23, Defendant "unlawfully restricted and confiscated Plaintiff's funds in the amount of [$831,587.00]." (ECF No. 1, at 3).  Plaintiff allegedly sent Defendant two documents, which he asserts created a binding contract.  (*Id.*). The first document, a "Notice of Intent to Sue," informed Defendant that he had seven days within which to return the funds to Plaintiff's bank account.  (ECF No. 1-3, at 3).  The second document, a "Notice and Demand for Trust Funds and Agreement for Damages," reiterated Plaintiff's request that the funds be returned within seven days and demanded damages:

> If you fail to comply with the terms of this DEMAND in the timeframe allotted, you consent and agree to pay the Trust, the amount of $5,821,109.00 (which is $831,587.00 multiplied by 7) in damages, in addition to the $831,587.00 of Trust funds you stole, purloined and embezzled, as agreed in our contract titled NOTICE OF INTENT TO SUE dated April 27, 2015.  This is a contract, where you consent and agree to the facts stipulated herein.  Upon Default, this contract is law and you must pay the Trust, a total of $6,652,696.00 within seven (7) days from your receipt of the NOTICE OF

3

DEFAULT: NOTICE AND DEMAND FOR TRUST FUNDS
AND AGREEMENT FOR DAMAGES.

(ECF No. 1-4, at 2-3).  Defendant did not respond to either notice sent by Plaintiff.  Subsequently, Plaintiff sent Defendant a "Final Notice of Intent to Sue" communicating his intent to seek legal action.  (ECF No 1-4, at 15).  Again, Defendant did not respond.

On September 16, the Internal Revenue Service ("IRS") obtained a tax lien against Plaintiff in the Circuit Court for Prince George's County.  (ECF No. 7-2).  According to Defendant, "[t]he IRS requested that the funds in the account be returned" to it, and "TD Bank complied with the IRS's request."  (ECF No. 7-1, at 1).

The complaint asserts claims of embezzlement, unlawful restriction of funds, and breach of contract.  (*Id.* at 3-4). Plaintiff seeks declaratory judgment, specific performance, and compensatory damages of $6,652,696.00.  Mr. Pedersen moved to dismiss for lack of personal jurisdiction and failure to state a claim.  (ECF No. 7).  Plaintiff was provided with a *Roseboro* notice, which advised him of the pendency of the motion to dismiss and his entitlement to respond within 17 days.  (ECF No. 8); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).

4

Plaintiff responded in opposition (ECF No. 9), and Mr. Pedersen replied (ECF No. 10).  On January 13, 2016, Plaintiff filed a motion for summary judgment, which is fully briefed.  (ECF Nos. 11; 13; 14).

## II.  Standard of Review

When a court's power to exercise personal jurisdiction is challenged by a Rule 12(b)(2) motion, "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted).  If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396.  In determining whether the plaintiff has met its burden, all jurisdictional allegations must be construed in the light most favorable to the plaintiff, and the most favorable inferences must be drawn for the existence of jurisdiction. *New Wellington*

*Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citations omitted).

"The nature of the claim and the defendant's contacts with the forum state determine whether a court may assert specific or general personal jurisdiction." *Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 703 (D.Md. 2004). Specific personal jurisdiction applies "[i]f the defendant's contacts with the State are also the basis for the suit." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The court may exercise general jurisdiction, by contrast, when the defendant maintains "continuous and systematic" contact with the forum state. *Tire Eng'g & Distribution*, 682 F.3d at 301 (quoting *ALS Scan*, 293 F.3d at 712); *see Helicopteros*, 466 U.S. at 415.

When, as here, the defendant is a nonresident, a federal district court may exercise personal jurisdiction only if (1) the long-arm statute of the forum state confers jurisdiction and (2) the exercise of personal jurisdiction is consistent with constitutional due process. *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citation omitted). Maryland's long-arm statute,

Md. Code Ann., Cts. & Jud. Proc. § 6-103, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *See ALS Scan*, 293 F.3d at 710 (citing *Androutsos v. Fairfax Hosp.*, 323 Md. 634, 637 (1991)). This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the [D]ue [P]rocess [C]lause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quoting *Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F.Supp. 116, 118 n.2 (D.Md. 1995)); *see also Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006) (noting that although the "long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause," it is not "permissible to dispense with analysis under the long-arm statute"). To satisfy the long-arm prong of the analysis, a plaintiff must specifically identify a statutory provision that authorizes jurisdiction, either in the complaint or in opposition to a Rule 12(b)(2) motion. *See Johansson Corp.*, 304 F.Supp.2d at 704 n.1; *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 652 (D.Md. 2001). Maryland's long-arm statute provides, in relevant part:

(a) If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.

(b) A court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply goods, food, services, or manufactured products in the State;

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State[.]

Md. Code Ann., Cts. & Jud. Proc. § 6-103.

## III. Analysis

Mr. Pedersen challenges whether the court possesses personal jurisdiction over him because "Plaintiff has not alleged any facts to establish a *prima facie* case that Mr. Pedersen is independently subject to either general or specific jurisdiction in the State of Maryland." (ECF No. 7-1, at 6). According to Plaintiff, personal jurisdiction is satisfied because Mr. Pedersen "has residency in Maryland by and through

him doing business as President and Chief Executive Officer of TD Bank." (ECF No. 9-1, at 7; *see* ECF No. 1, at 3). Plaintiff bears the burden to prove "grounds for jurisdiction by a preponderance of the evidence." *Carefirst*, 334 F.3d at 396 (citation omitted).

Here, TD Bank's contacts with Maryland – whatever they may be – are not sufficient to establish personal jurisdiction over an individual officer or employee. *See Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Grp.*, Inc., 299 F.Supp.2d 505, 513 (D.Md. 2004) ("Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation."). Instead, "[p]ersonal jurisdiction must be based on [the defendant's] personal contacts with Maryland, not merely his role as CEO." *Du Daobin v. Cisco Sys., Inc.*, 2 F.Supp.3d 717, 723 (D.Md. 2014) (citation omitted); *see Maxtena, Inc. v. Marks*, No. DKC-11-0945, 2012 WL 113386, at *6 (D.Md. Jan. 12, 2012). Plaintiff has not alleged that Mr. Pedersen maintains any contacts with Maryland other than as an executive of TD Bank, which has branches in the state. There are no factual allegations regarding Mr. Pedersen's place of residence, and the complaint indicates that he works at TD Bank's executive offices in New Jersey. (*See* ECF No. 1, at 3). Plaintiff's assertion that Mr. Pedersen is a resident of Maryland through his role as

President and CEO of TD Bank "is a legal conclusion wholly insufficient to subject [him] to personal jurisdiction." *Du Daobin*, 2 F.Supp.3d at 723.

Plaintiff has not alleged facts that satisfy any prong of Maryland's long-arm statute. Moreover, he has not presented allegations showing that Mr. Pedersen purposefully established even "minimum contacts" with Maryland such that maintenance of the suit comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see Carefirst*, 334 F.3d at 397. Mr. Pedersen's contacts with Maryland are certainly not substantial enough that "he should reasonably anticipate being haled into court [ ]here." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted). Plaintiff has not made a *prima facie* showing that the court possesses personal jurisdiction over Mr. Pedersen.[1]

Accordingly, the proper course of action is either to dismiss the case so that Plaintiff may re-file in a more appropriate jurisdiction, or to transfer the case to another district "if it be in the interest of justice." 28 U.S.C. §

---

[1] Plaintiff argues that he "has not seen nor been provided any verifiable evidence to the contrary of Defendant being subject to the personal jurisdiction of Maryland." (ECF No. 9-1, at 8). Plaintiff, however, cannot shift his burden to Defendant. *See Carefirst*, 334 F.3d at 396.

1406(a); *see Cleaning Auth., Inc. v. Neubert*, 739 F.Supp.2d 807, 817 (D.Md. 2010); *Dring*, 423 F.Supp.2d at 549.   The United States Court of Appeals for the Fourth Circuit "has adopted a reading of [§] 1406(a) authorizing transfer 'for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.'"   *Estate of Bank v. Swiss Valley Farms Co.*, 286 F.Supp.2d 514, 522 (D.Md. 2003) (quoting *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)).   Lack of personal jurisdiction is one such "impediment," and whether to dismiss or transfer an action under § 1406(a) rests within the discretion of the district court.   *Id.*   Here, transfer would not serve the interest of justice.   Neither party has requested that the case be transferred to another jurisdiction – or even identified a viable alternative forum - upon determining that personal jurisdiction over Defendant is lacking.   Moreover, Plaintiff does not appear able to state any claim against Mr. Pedersen on the basis of the allegations contained in the complaint.

To the extent that the complaint sets forth factual allegations, Plaintiff fails to show that Mr. Pedersen can be held liable.   "[A]n officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular acts to be done or participated or co-operated therein."   *CoStar*

*Realty Info., Inc. v. Meissner*, 604 F.Supp.2d 757, 769 (D.Md. 2009) (quoting *Levi v. Schwartz*, 201 Md. 575, 583 (1953)). Here, the complaint is devoid of specific allegations that Mr. Pedersen directed or participated in restricting or embezzling Plaintiff's funds deposited at TD Bank.

Furthermore, Plaintiff has not established that the purported contract is a binding agreement formed as a result of Mr. Pedersen's or TD Bank's silence and inaction. According to Plaintiff, "Defendant refused to respond and act in accordance with the terms stipulated in the [contract] within the reasonable time frame allotted therein, and failure to respond and act is consent and agreement to the facts stipulated therein, and now the [contract is] law." (ECF No. 1, at 4). Plaintiff concedes that neither Mr. Pedersen nor any other TD Bank representative signed and returned his letter demands, but he asserts that the purported agreement created a contractual obligation for TD Bank to pay Plaintiff $6,652,696.00, consisting of the $831,587.00 returned to the IRS, plus non-specified damages of $5,821,109.00. Under Maryland law, "acceptance [of a contract] may be manifested by actions as well as by words." *Galloway v. Santander Consumer USA, Inc.*, No. 15-1392, 2016 WL 1393121, at *4 (4th Cir. Apr. 8, 2016) (citing *Porter v. General Boiler Casing Co.*, 284 Md. 402, 409 (1979)).

12

> Silence is generally not to be considered an
> acceptance of an offer unless the parties
> had agreed previously that silence would be
> an acceptance, the offeree has taken the
> benefit of the offer, or because of previous
> dealings between the parties, it is
> reasonable that the offeree should notify
> the offeror if [he] does not intend to
> accept.

*Cochran v. Norkunas*, 398 Md. 1, 23-24 (2007) (citations omitted).  Here, the complaint does not contain any factual context in support of Plaintiff's conclusion that silence and inaction by Mr. Pedersen or TD Bank constitute acceptance of the alleged contract.[2]  There is thus no basis to conclude that a valid agreement was formed, which is essential for Plaintiff to assert a cause of action for breach of contract.  *See RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 658 (2010).  Accordingly, the complaint fails to state a claim against Mr. Pedersen.

---

[2] Plaintiff also refers in passing to the common law doctrine of estoppel by acquiescence. (ECF No. 9-1, at 5-6, 12).  This appears to be another misguided attempt by Plaintiff to argue that silence and inaction constitute acceptance of the alleged contract.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted.   Plaintiff's motion for summary judgment will be denied as moot.[3]   A separate order will follow.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge

---

[3] Even if the court were not granting Defendant's motion to dismiss, Plaintiff would not be entitled to summary judgment. Summary judgment is granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.   *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   Here, Plaintiff plainly has not put forth evidence in support of his claims that remove all genuine disputes of material fact.